# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **CORD HARRIS** (#2011-1230206), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 1118 |
| | ) | |
| **SERGEANT BEACHUM**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

On February 25, 2015 this Court issued a threshold memorandum order (the "Order") in connection with the most recent 42 U.S.C. § 1983 ("Section 1983") Complaint filed pro se by frequent litigant Cord Harris ("Harris"), a pretrial detainee at the Cook County Department of Corrections ("County Jail").[1]  At the very outset the Order provided:

> Plaintiff Cord Harris ("Harris") is granted 30 days within which either (1) to file an In Forma Pauperis Application ("Application") on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or (2) to pay the full $400 filing fee.  Failure of Harris to comply within that 30-day period will result in summary dismissal of this case.

Some of the year 2014 cases listed in the Order's n.1 were dismissed because Harris had run afoul of the statutory requirement of truthful representation (see Section 1915(e)(2)(A)) when he totally failed to disclose a $3,000 deposit that had been made to his trust fund account at the County Jail within a year preceding his filing the Complaints in those lawsuits.  This time,

---

[1]  It would be a substantial understatement to say that Harris is no stranger to the federal courts and to the requirements that Congress has prescribed in 28 U.S.C. § 1915 ("Section 1915") for litigants who are in custody.  Footnote 1 to the Order lists no fewer than a half dozen cases brought by Harris in this District Court during the two-year time frame from early 2013 to the current date.

however, he has filed on February 27, 2015 (but he has not provided this Court with a copy of, as is required by this District Court's LR 5.2(f)[2]) an Application that does disclose his receipt of that $3,000, so that no false statement on his part has been made here.

That however marks only the beginning and not the end of the story. It is clear to be sure that the Clerk's mailing of the February 25 Order to Harris crossed in the mails with Harris' February 27 filing of the Application, so that Harris cannot be faulted for his filing's failure to provide the full information called for by Section 1915(a)(2). But it is equally clear that Harris had to understand upon receipt of the Order that his recent filing did <u>not</u> satisfy the Order's requirement -- instead the trust fund account that he supplied as part of that filing needlessly covered a period of <u>several</u> <u>years</u> that began way back on December 31, <u>2011</u> (showing a first deposit to the account on May 12, 2012) but that ran only to October 10, 2014. That information covered just 2-1/2 months of the statutorily relevant six-month period -- a period that presumptively ended about January 26, 2015, the date on which Harris signed the Complaint (the presumptive date of "filing" under the mailbox rule taught in <u>Houston v. Lack</u>, 487 U.S. 266 (1988)).

Accordingly Harris has failed to comply with either of the requirements set out in the first paragraph of the Order. As forecast in the Order, this action is summarily dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 17, 2015

_____
[2] This Court learned of Harris' filing of the Application when it spotted an entry in a periodic retrieval of filings in ECF.